UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT RATHMAN,

        Petitioner,               Case No. 15-cv-12150
                                            Hon. Matthew F. Leitman
v.

JEFFREY WOODS,

        Respondent.
_____/

## OPINION AND ORDER (1) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (ECF #1), (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

In 2013, Petitioner Robert Rathman was charged in Michigan state court with three crimes, including armed robbery. Instead of proceeding to trial, Rathman reached a plea agreement with prosecutors. The prosecution agreed to drop the armed robbery charge and a sentencing enhancement, and Rathman agreed to plead no contest to two lesser offenses. Rathman and the prosecution further agreed on the record to a specific sentence: 37 to 120 months in prison. At sentencing, the trial court imposed the precise sentence to which Rathman had agreed: 37 to 120 months in prison. Rathman now insists that the sentence violated his Sixth Amendment rights and that he is entitled to federal habeas relief. Rathman is incorrect.

1

Accordingly, for the reasons stated below, the Court **DISMISSES** Rathman's petition for a writ of habeas corpus. (*See* ECF #1.)

I

On February 23, 2013, Rathman was charged with three felonies in the Washtenaw County Circuit Court: armed robbery, larceny from a person, and carrying a weapon with unlawful intent. (*See* ECF #10-1 at Pg. ID 79.) Prior to trial, Rathman agreed to plead no contest to the larceny from a person and carrying a weapon with unlawful intent charges, and the prosecution agreed to dismiss the armed robbery charge and a habitual offender sentencing enhancement.[1] (*See id.*)

Rathman tendered his plea on December 19, 2013. During the plea hearing, Rathman and the prosecution agreed on the record to a sentence of 37 months to 120 months imprisonment on the larceny from a person charge. (*See* 12/19/13 Plea Hearing Tr. at 4-5, ECF #10-4 at Pg. ID 149-50.) On January 28, 2014, the state trial court sentenced Rathman based upon the sentencing agreement that Rathman had reached with prosecutors. The court sentenced Rathman to 37 months to 120 months

---

[1] The plea agreement also resolved another case against Rathman in the Washtenaw County Circuit Court, Case No. 13-000341-FC. In that case, the prosecutor agreed to dismiss a breaking and entering charge and a habitual offender sentencing enhancement against Rathman in exchange for his guilty plea to an amended charge of larceny from a building. The trial court initially sentenced Rathman to one to four years imprisonment on that conviction but then re-sentenced him to 12 months imprisonment with credit for time served in 2015. That conviction and sentence are not challenged in this habeas proceeding.

imprisonment on the larceny from a person conviction and a concurrent term of 12 to 60 months imprisonment on the carrying a weapon with unlawful intent conviction in accordance with his plea and sentencing agreement.

Following Rathman's plea and sentencing, he filed a delayed application for leave to appeal with the Michigan Court of Appeals. In that application, he argued that "the trial court reversibly erred in the scoring of the offense variables [under Michigan's sentencing guidelines] when the facts to support the scoring were not proved to a jury or admitted to by [Rathman]…." (Petition, ECF # 1 at Pg. ID 2, describing claim raised in the Michigan Court of Appeals). The state appellate court denied leave to appeal "for lack of merit in the grounds presented." *People v. Rathman*, No. 322832 (Mich. Ct. App. Sept. 10, 2014) (unpublished). Rathman then filed an application for leave to appeal with the Michigan Supreme Court, which remanded for re-sentencing on the larceny in a building case (*see* footnote 1 above), but did not address that sentence that Rathman challenges here. *People v. Rathman*, 497 Mich. 1008, 862 N.W.2d 183 (April 28, 2015).

## II

On June 11, 2015, Rathman filed a petition in this Court seeking a writ of habeas corpus. (*See* ECF #1.) Rathman claims that the state trial court violated his Sixth Amendment rights when it sentenced him to 37 to 120 months in prison. In Rathman's words:

3

> The trial court reversibly erred in the scoring of the offense variables when the facts to support the scoring were not proved to a jury or admitted to by [him] and based upon the inaccurate scoring [he] was sentenced within a higher cell rendered his sentence an illegal sentence and [he] is therefore entitled to resentencing.

(*Id.* at 5, Pg. ID 5.)

### III

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), imposes the following standard of review for federal habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S.

4

362, 405-06 (2000). An "unreasonable application" of "clearly established Federal law" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.

A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103.

IV

As described above, Rathman claims that "[t]he trial court reversibly erred in the scoring of the offense variables [because] the facts to support the scoring were not provided to a jury or admitted to by [him]." (Petition, ECF #1 at Pg. ID 5.) Rathman insists that the trial court's error led to him receiving an increased and thus "illegal" sentence. (*Id.*) This claim sounds in the nature of a claim under *United

5

*States v. Blakely*, 452 U.S. 296 (2004) and *United States v. Booker*, 453 U.S. 220 (2005). In those two decisions, the United States Supreme Court "held that the Sixth Amendment right to trial by jury is violated where a defendant's [mandatory sentencing] guidelines range is increased based on facts (other than a prior conviction) found by the judge without a jury or using a preponderance standard." *United States v. Schlifer*, 403 F.3d 849, 853 (7th Cir. 2005); *see also United States v. Lopez-Urbina*, 434 F.3d 750, 759 (5th Cir. 2005) (noting that "*Booker* extended the principles in *Blakely* to the United States Sentencing Guidelines and held that a sentence imposed in a mandatory Guideline regime violated a defendant's Sixth Amendment right to a jury trial").

But there was not a *Blakely/Booker* error here. Simply put, Rathman's "Sixth Amendment right to a jury determination was not violated because his [sentence] was not based upon any factual findings made by the sentencing judge" and was instead based on his own agreement with prosecutors. *Tidwell v. Evans*, 2008 WL 4195940, at *6 (C.D. Cal. Sept. 4, 2008); *see also United States v. Cieslowski*, 410 F.3d 353, 364 (7th Cir. 2005) (*Booker* is not "[]applicable" where defendant agreed to specific sentence in plea agreement and sentence complied with that agreement). Indeed, because Rathman's "sentence arose directly from [his] plea agreement, the sentencing court had no obligation to independently justify its [sentence]. The sentencing court simply accepted the terms bargained for by the parties," and in

6

doing so, the court did not violate Rathman's Sixth Amendment rights. *Tidwell*, 2008 WL 4195940, at *6.

Moreover, a criminal defendant who agrees to a specific sentence in a plea agreement and then receives the exact sentence that he bargained for "waives the right to challenge that sentence" as violative of the *Blakely/Booker* rule. *See Amezcue v. Ochoa*, 577 Fed. App'x 699, 700-01 (9th Cir. 2014) (denying habeas petition and holding that petitioner's "plea and stipulation to [a] thirteen-year sentence waived" any argument that the sentence violated the Sixth Amendment); *Tidwell*, 2008 WL 4195940, at *6 (denying habeas petition, citing cases, and explaining that because petitioner had agreed to a specific sentence, he "waived any argument that his sentence was imposed under statutory standards held to be unconstitutional by the Supreme Court"); *Clifton v. Bell*, 2011 WL 2976815, at *8 (E.D. Mich July 22, 2011) (same); *see also United States v. Livingston*, 1 F.3d 723, 725 (8th Cir. 1993) (holding that defendant waived right to challenge on appeal a sentence that was imposed pursuant to a sentence agreement). Rathman has presented no basis to depart from that rule. Therefore, he is not entitled to habeas relief.

## V

For the reasons stated above, the Court **DISMISSES** Rathman's petition for a writ of habeas corpus (ECF #1).

Before Rathman may appeal this Court's ruling, he must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(a); *see also* FED. R. APP. P. 22(b). A habeas petitioner may obtain such a certificate "only if [he] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met only if the petitioner can demonstrate that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Here, jurists of reason would not debate the Court's conclusion that Rathman has not met the standard for a certificate of appealability because his claim is devoid of merit. The Court will therefore **DENY** Rathman a certificate of appealability. The Court will also **DENY** Rathman permission to appeal *in forma pauperis* because any appeal of this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also* FED. R. APP. P. 24(a).

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: May 3, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 3, 2017, by electronic means and/or ordinary mail.

                                              s/Holly A. Monda
                                              Case Manager
                                              (313) 234-5113